IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SETH HARRY, individually; PEYTON MCAROY, individually; and RANDY MCAROY, individually,<br><br>　　　　Defendants. | Case No. CIV-20-87-PRW |

## ORDER

Before the Court is Plaintiff State Farm's Opposed Motion for Leave to File a Second Motion for Summary Judgment (Dkt. 34), Opposed Motion to Redact Portions of Plaintiff's Second Motion for Summary Judgment and Seal Certain Exhibits Thereto (Dkt. 35), and Defendants Peyton and Randy McAroy's Combined Response in Opposition (Dkt. 42). For the reasons explained below, the Court **GRANTS** both motions (Dkts. 34 and 35).

On July 21, 2020, State Farm filed a motion for summary judgment (Dkt. 11). That motion sought a legal declaration that State Farm's Homeowners Policy does not cover the acts alleged in the underlying state-court action involving Seth Harry and Peyton McAroy, and that it has no duty to defend, indemnify, or satisfy any judgment entered against Seth Harry in the underlying action. On March 28, 2022, the Court granted in part and denied in part State Farm's motion for summary judgment (Dkt. 16). The Court concluded that the summary judgment record was insufficient to support a determination of coverage liability,

1

and the Court likewise declined to grant summary judgment in State Farm's favor on the issues of its duty to defend, indemnify, and satisfy any judgment. As the Court explained in that Order (Dkt. 16), the issue of coverage liability requires the Court "to parse facts surrounding the incident to see whether the injury that resulted was either intentional or expected," but at that time there were "no actual facts . . . before the Court."

Since the Court's March 28 Order, however, State Farm has obtained Peyton McAroy's deposition from the underlying state-court action, and it has taken depositions of both Peyton McAroy and Seth Harry in this action. State Farm asserts that these depositions support its request for a second motion for summary judgment because the new discovery materials relate to whether the injury was either intentional or expected. In response, Defendants Peyton and Randy McAroy argue that the material "provided no information this Court advised it would need to decide the remaining issues as a matter of law."[1]

The Court agrees with State Farm that the newly taken depositions support its request for a second motion for summary judgment. "A second motion for summary judgment is proper after a prior motion is dismissed, if supported by new material."[2] Defendants argue that the depositions are not "new material" because they do not contain information related to Seth Harry's state of mind during the incident. But Defendants essentially ask the Court to determine the relevance of information contained within the

---

[1] Defs.' Resp. (Dkt. 42), at 2.
[2] *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979).

newly taken depositions, and the Court declines to make such a determination before taking up State Farm's second motion for summary judgment.

State Farm also asks the Court for leave to redact portions of its second motion for summary judgment and to file under seal certain exhibits. Specifically, State Farm seeks to introduce written statements by Defendant Seth Harry and other former students, which it claims are covered by the parties' Agreed Protective Order (Dkt. 25). The Agreed Protective Order specifically governs the discovery and use of "documents and information that are protected by the Family Educational Rights and Privacy Act ('FERPA'), 20 U.S.C. § 1232g" and provides that "[i]nformation and documents that may be designated as 'Confidential' include, but are not limited to, information and documents protected by FERPA."[3] State Farm asserts that FERPA applies to the written statements at issue. Defendants contend, however, that FERPA "is an insufficient ground, standing alone, upon which to base a finding that records should be sealed" and that "State Farm has failed to make the necessary showing to seal these records."[4] But Defendants do not respond to State Farm's assertion that the Agreed Protective Order governs the written statements. Therefore, considering the parties' Agreed Protective Order, the Court concludes that (1) the relevant portions of State Farm's second motion for summary judgment should be redacted and (2) the relevant exhibits should be filed under seal.

---

[3] Agreed Protective Order (Dkt. 25), ¶¶ 1, 4.

[4] Defs.' Resp. (Dkt. 42), at 6, 8 (citing *Jennings v. Univ. of N. Carolina at Chapel Hill*, 340 F. Supp. 2d 679, 681–82 (M.D.N.C. 2004)).

For the foregoing reasons, the Court **GRANTS** State Farm's Opposed Motion for Leave to File a Second Motion for Summary Judgment (Dkt. 34) and Opposed Motion to Redact Portions of Plaintiff's Second Motion for Summary Judgment and Seal Certain Exhibits Thereto (Dkt. 35). Accordingly, on or before November 9, 2022, State Farm shall file its redacted second motion for summary judgment and file under seal the exhibits governed by the Agreed Protective Order.

**IT IS SO ORDERED** this 8th day of November 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE